Marshall A. Lerner (State Bar No. 55,224)
*mlerner@kleinberglerner.com*
Vivian Z. Wang (State Bar No. 289870)
*vwang@kleinberglerner.com*
Steven J. Kim (State Bar No. 297235)
*skim@kleinberglerner.com*
KLEINBERG & LERNER, LLP
1875 Century Park East, Suite 1150
Los Angeles, California 90067-2501
Telephone: (310) 557-1511
Facsimile: (310) 557-1540

Attorneys for Plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKECHERS U.S.A., INC. and SKECHERS U.S.A., INC. II<br><br>        Plaintiffs,<br><br>    v.<br><br>EASY SPIRIT, LLC and MARC FISHER, INC. and Does 1 – 10 inclusive,<br><br>        Defendants. | ) Case No.:<br>)<br>) **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br>)<br>) **(1)  FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION;**<br>) **(2)  FEDERAL TRADE DRESS INFRINGEMENT;**<br>) **(3)  FEDERAL TRADE DRESS DILUTION; AND**<br>) **(4)  STATE UNFAIR BUSINESS PRACTICES.**<br>)<br>) **DEMAND FOR JURY TRIAL**<br>) |

Plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II (collectively "Skechers") allege as follows against defendant Easy Spirit, LLC and Marc Fisher, Inc. (hereinafter collectively "Easy Spirit"):

## NATURE OF ACTION

1.   Skechers is a multi-billion dollar global leader in the lifestyle footwear industry.  Skechers is also a high-performance footwear brand and a world leader in designing cutting-edge footwear.  Over the years, Skechers has invested and spent hundreds of millions of dollars creating and promoting its new shoe designs.

2.   In 2011, Skechers introduced a revolutionary walking slip-on sneaker, the Go Walk.   Since that time, Skechers has been offering Go Walk styles that have dominated the comfort walking shoe industry.  One such style, the Go Walk Evolution Ultra, features a distinctive casual profile with a raised instep and heel, a sloping ankle collar that curves upward to the tongue with a smooth finished top-line, a modern upper made of a soft mesh fabric that is defined at the toe cap with U-shaped line across the toe box that curves down to the sole, and sits atop a sleek foamed midsole that gradually narrows at the toe and an accent stripe extending across its length (the "GO WALK Trade Dress"):



3.   Easy Spirit recently began offering for sale a slip-on shoe, the Glider, depicted below (the "GO WALK Knock Off"):

///

///

-1-



Instead of pursuing independent product development, Easy Spirit has chosen to slavishly copy Skechers' innovative GO WALK Trade Dress with its GO WALK Knock Off in violation of Skechers' valuable intellectual property rights.

4.      Another Skechers iconic shoe is the Skechers D'Lites, which was initially launched in 2007, featuring a stylish sneaker profile, distinctive sweeping curves that contour the forefoot sides of the shoe which are defined by the adjacent overlays, a jagged vamp opening with a majority of the peaks flagged with "backpack" straps forming the face of vertically oriented eye-loops, the U-shaped heel collar equipped with a matching "backpack" strap heel pull tab, and the chunky midsole with its rugged tapering from the heel to toe (the "D'LITES Trade Dress"):



5.      Easy Spirit recently began selling the Romy shoe, depicted below ("D'LITES Knock off"):

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF ARISING OUT OF TRADE DRESS INFRINGEMENT; DEMAND FOR JURY TRIAL



Easy Spirit has blatantly imitated the appearance of Skechers D'LITES Trade Dress through its D'LITES Knock Off, and in turn, capitalized on Skechers' success.

6.   By this action, Skechers seeks to put a stop to Easy Spirit's illegal actions and obtain compensation for the trade dress infringements that have occurred thus far.

### PARTIES

7.   Plaintiff Skechers U.S.A., Inc. is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business located at 228 Manhattan Beach Blvd., Manhattan Beach, California 90266.

8.   Plaintiff Skechers U.S.A., Inc. II is a corporation duly organized and existing under the laws of the State of Virginia with a principal place of business located at 228 Manhattan Beach Blvd., Manhattan Beach, California 90266.  Skechers U.S.A., Inc. II is a wholly-owned subsidiary of Skechers U.S.A., Inc.

9.   On information and belief, Defendant Easy Spirit LLC is a company organized and existing under the laws of the State of Delaware with its principal place of business located at 1411 Broadway, New York, NY 10018-3486 and is a wholly-owned subsidiary of Marc Fisher, Inc.

10.   On information and belief, Defendant Marc Fisher, Inc., d.b.a. Marc Fisher Footwear, is a corporation duly organized and existing under the laws of the State of

-3-

Delaware with its principal place of business located at 777 West Putnam Ave., Greenwich, Connecticut, 06830.

11.    Defendants Does 1 – 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Skechers.  When their true names and capacities are ascertained, Skechers will amend this complaint by inserting their true names and capacities.  Skechers is informed and believes and thereon alleges, that Does 1 – 10, and each of them are responsible in some manner for the occurrences alleged herein and that Skechers' damages were proximately caused by such defendants.

## JURISDICTION AND VENUE

12.    Jurisdiction in this Court arises under the provisions of section 39 of the Lanham Act, 15 U.S.C. §1121(a), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1338(a) (any Act of Congress relating to patents or trademarks. Subject matter jurisdiction over Skechers' related state and common law claims is proper pursuant to 28 U.S.C. § 1338 (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws) and 28 U.S.C. § 1367 (supplemental jurisdiction).

13.    This Court has personal jurisdiction over Defendant because Easy Spirit committed one or more of the infringing acts complained of herein in California and in this district, Easy Spirit has multiple sales outlets in California and in this district, and Easy Spirit regularly conducts business or solicits business in California and in this district.

14.    Venue in this Court is proper under the provisions of 28 U.S.C. §§ 1391(b)(2) because a substantial part of the claims arose in this district.

///
///
///
///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF ARISING OUT OF TRADE DRESS INFRINGEMENT; DEMAND FOR JURY TRIAL

## FACTS IN SUPPORT OF SKECHERS' CLAIM
## GO WALK TRADE DRESS

15.     The Skechers' GO WALK slip-on sneaker revolutionized walking shoe industry since its introduction in 2011.

16.     The GO WALK Trade Dress, as seen in a number of Skechers GO WALK styles such as the GO WALK Revolution Ultra, features a distinctive casual profile with a raised instep and heel, a sloping ankle collar that curves upward to the tongue with a smooth finished top-line, a modern upper made of a soft mesh fabric that is defined at the toe cap with U-shaped line across the toe box that curves down to the sole, and sits atop a sleek foamed midsole that gradually narrows at the toe and an accent stripe extending across its length.

17.     Since Skechers introduction of the GO WALK series in 2012, Skechers has spent millions of dollars in creating and advertising its GO WALK series.  GO WALK sales have since reached well into millions of pairs.

18.     The Skechers GO WALK series has been heavily advertised on TV, in magazines and the Internet.  The GO WALK shoes have been featured in several widely aired television commercials and has been the subject of a number of magazine articles.

19.     The innovative design of the GO WALK Trade Dress has significantly contributed to the success of the Skechers GO series of footwear culminating in a Brand of the Year award from Footwear News in late 2013.  *See* Exhibit 1.

20.     When Skechers was named Fashion Footwear Brand of the Year at the 2014 Footwear Industry Awards, Cheryl Taylor, editor of Footwear Today Magazine, commented, "I was delighted that Skechers won the Fashion Forward Brand Of The Year Award at the Footwear Industry Awards event in February 2014.  Skechers has one of the widest and most exciting fashion ranges currently on offer in the UK, offering cutting edge designs for all the family.  Take the (SKECHERS) GoWalk for example, they're smooth, they're streamlined and really rather radical.  Many styles come in deliciously bright colours and wouldn't look out of place on the catwalk, yet they are

incredibly light and boy, are they comfortable!  Good job Skechers!"  *See* Exhibit 2.

21.     Skechers' extensive use and promotion of its GO WALK Trade Dress has laid the foundation for Skechers' valuable goodwill in its GO WALK Trade Dress that consumers associate the GO WALK Trade Dress with Skechers.  Skechers' GO WALK Trade Dress is distinctive and has achieved significant secondary meaning prior to the entry of the Easy Spirit knock off into the stream of commerce.

22.     The combination of elements of the GO WALK Trade Dress is distinctive and serves to identify Skechers as the source of the GO WALK Trade Dress. These elements are not merely functional and the overall product design is not required to achieve any particular function. As such, competitors of Skechers have many alternative product designs available to them.  Easy Spirit's emulation of Skechers GO WALK Trade Dress through its GO WALK Knock Offs is a blatant effort to misappropriate Skechers' goodwill and steal the sales of Skechers' products.

## D'LITES TRADE DRESS

23.     Since Skechers' introduction of the D'Lites sneaker in 2007, the D'Lites sneaker has become a worldwide iconic shoe.

24.     The D'LITES trade dress, features a stylish sneaker profile, distinctive sweeping curves that contour the forefoot sides of the shoe which are defined by the adjacent overlays, a jagged vamp opening with the most prominent of the peaks jagged edges flagged with "backpack" straps, each of these "backpack" straps forming the face of vertically oriented eye-loop, the U-shaped heel collar equipped with a matching "backpack" strap heel pull tab, and the chunky midsole with its rugged tapering extending from the heel to toe.

25.     For more than a decade, Skechers has been selling and promoting the D'LITES Trade Dress with its investment of millions of dollars in creating and advertising the D'LITES Trade Dress.  Skechers sales of the D'LITES pairs total well into the millions.

26.     The D'LITES Trade Dress has been heavily advertised on TV, in magazines, and the Internet.  The Skechers Trade Dress have been featured in several widely aired television commercials and has been the subject of a number of magazine articles.

27.      The Skechers D'Lites have been worn and popularized by celebrities including Camila Cabello, Meghan Trainor, and Brooke Burke-Charvet.  The D'Lites have been popularized by international celebrities from Korean pop groups including Sistar, Shinee and Block B, and Korean pop star Beenzino and Nana from After School.  Furthermore, the D'Lites have been popularized by Chinese pop star Huang Zitao and Filipino actress Nadine Lustre.

28.     The popularity of the D'Lites is evidenced by various media coverage, including Tora Northman, "The Resurrection of Skechers: Here's Why They're About to Become the New It-Shoes of 2018," Hypebae, January 16, 2018, naming Skechers the New It-Shoes of 2018.  *See* Exhibit 3.  Also, Sachin Bhola, "Digging Into Skechers' Undeniable Influence on the Chunky Sneaker Trend," Highsnobiety, June 22, 2018, quoting Highsnobiety's footwear editor Chris Danforth, that "the D'Lites rightfully have a place in a conversation about chunky sneakers."  *See* Exhibit 4.

29.     The fame and popularity of the D'LITES Trade Dress is further evidenced by models walking the runways at seven New York Fashion Week shows wearing Skechers D'Lites including Hardware LDN, FTL Moda, Mery Playa by Sofia Resing, Tumbler and Tipsy by Michael Kuluva, DFBK: Defend Brooklyn, Bonnie Bouche by Angela Simmons, and #Unfiltered by Jessica Abo.  *See* Exhibit 5.

30.     Skechers' extensive use and promotion of its D'LITES Trade Dress has laid the foundation for Skechers' valuable goodwill in its D'LITES Trade Dress that consumers associate the D'LITES Trade Dress with Skechers.  Skechers D'LITES Trade Dress is distinctive and has achieved significant secondary meaning prior to the entry of the Easy Spirit knock off in the stream of commerce.

///

31.     The combination of elements of the D'LITES Trade Dress is distinctive and serves to identify Skechers as the source of the D'LITES Trade Dress. These elements are not merely functional and the overall product design is not required to achieve any particular function. As such, competitors of Skechers have many alternative product designs available to them.  Easy Spirit's emulation of Skechers D'LITES Trade Dress is a blatant effort to misappropriate Skechers' goodwill and steal the sales of Skechers' products.

## EASY SPIRIT'S INFRINGING ACTIVITES

32.     Easy Spirit had many options in developing its footwear products.  Instead, Easy Spirit chose to copy Skechers' two widely popular and innovative designs.

33.     Easy Spirit chose to infringe Skechers trade rights through Easy Spirit's production, importation, distribution and retail activities, and promotion in interstate commerce of both its Glider line and Romy line which trade upon the goodwill that Skechers has developed in connection with its GO WALK Trade Dress and D'LITES Trade Dress.

34.     A comparison of the GO WALK Trade Dress and Easy Spirit GO WALK Knock Off reveals Easy Spirit's blatant copying:

| Skechers GO WALK | Easy Spirit Knock Off |
|---|---|
|  |  |
| Casual Slip-On Profile | Same |
| Raised instep and heel upper portion. | Same |

-8-

| | |
|---|---|
| Sloping Ankle Collar that curves in and upward to the tongue | Same |
| A smooth finished top-lined tongue | Same |
| Modern smooth-finish mesh fabric | Same |
| U-shaped line across the toe-box that curves down to the sole | Same |
| Sleek foamed Midsole tapering from heel to toe | Same |
| Accent strip extending the length of the midsole | Same |

35.    Easy Spirit goes even farther by knocking off Skechers D'LITES Trade Dress:

| Skechers D'LITES | Easy Spirit Knock Off |
|---|---|
|  |  |
| Stylish sneaker profile | Same |
| Distinctive sweeping curves that contour the forefoot sides of the shoe | Same |

| | |
|---|---|
| Sweeping curves defined by bordering overlays | Same |
| Jagged vamp opening above the tongue | Same |
| Most prominent peaks of jagged edges flagged with "backpack" straps | Same |
| "Backpack" straps forming the face of vertically oriented lace eyelets | Same |
| U-shaped heel collar | Same |
| Matching "backpack" strap heel pull tab at the base of the heel collar | Same |
| Chunky midsole having a rugged taper extending from the heel to toe | Same |

36.     Easy Spirit's direct copying of the Skechers' GO WALK Trade Dress and D'LITES Trade Dress is a willful and intentional act to cause confusion among consumers and diminish Skechers' rights.

37.     Easy Spirit's unlawful business practices described above present a continuing threat to, and are meant to deceive members of, the public as Easy Spirit promotes its products by wrongfully trading on the goodwill of the Skechers GO WALK Trade Dress and D'LITES Trade Dress.

38.     Easy Spirit's uses of the Skechers GO WALK Trade Dress and D'LITES Trade Dress are to deceive, confuse, and mislead the prospective and actual consumer into believing that either of the products sold by Easy Spirit is produced or authorized by Skechers or that the Easy Spirit is somehow associated with Skechers.

39.     This Easy Spirit's actions to cause this aforementioned confusion and deception is causing irreparable harm to the goodwill of the Skechers' GO WALK Trade Dress and D'LITES Trade Dress.

///

1

## FIRST CLAIM FOR RELIEF

2

**[Federal False Designation of Origin & Unfair Competition – 15 U.S.C. § 1125(a)]**

3       40.     Skechers realleges and incorporates by reference the full text of all of the

4   foregoing numbered paragraphs, photographs and figures as though each such

5   paragraph, photograph and figure has been fully set forth hereat.

6       41.      Skechers is the owner of all rights and title to the distinctive Skechers GO

7   WALK Trade Dress as embodied in the GO WALK products and the Skechers D'LITES

8   Trade Dress as embodied in the D'LITES products. The GO WALK Trade Dress and the

9   Skechers D'LITES Trade Dress are not functional.

10       42.     In addition, based on extensive and consistent advertising, promotion and

11   sales throughout the U.S., the GO WALK Trade Dress and D'LITES Trade Dress have

12   acquired distinctiveness and enjoy secondary meaning among consumers, identifying

13   Skechers as the source of its products.

14       43.     Skechers' extensive promotion of the distinctive GO WALK Trade Dress

15   and D'LITES Trade Dress have resulted in Skechers' acquisition of valuable, legally

16   protected rights in the GO WALK Trade Dress and in the D'LITES Trade Dress as well

17   as considerable customer goodwill.

18       44.     The Easy Spirit's GO WALK Knock Off products have misappropriated the

19   GO WALK Trade Dress by mimicking a combination of several elements of this trade

20   dress.

21       45.     The Easy Spirit's GO WALK Knock Off products have misappropriated the

22   D'LITES Trade Dress by mimicking a combination of several elements of this trade

23   dress.

24       46.     Easy Spirit's manufacture and distribution of the GO WALK Knock Off

25   products with design features that mimic a combination of several elements of the GO

26   WALK Trade Dress are likely to cause confusion, cause mistake, or deceive consumers

27   as to the affiliation, connection, or association of the Easy Spirit brand with Skechers, or

28   as to the origin, sponsorship, or approval by Skechers of Easy Spirit's goods or

-11-

commercial activities.

47.   Easy Spirit's manufacture and distribution of the Easy Spirit D'LITES Knock Off products with design features that mimic a combination of several elements of the D'LITES Trade Dress are likely to cause confusion, cause mistake, or deceive consumers as to the affiliation, connection, or association of the Easy Spirit brand with Skechers, or as to the origin, sponsorship, or approval by Skechers of Easy Spirit's goods or commercial activities.

48.   Easy Spirit's manufacture and distribution of the GO WALK Knock Off products with design features that mimic a combination of several elements of the GO WALK Trade Dress enable Easy Spirit to benefit unfairly from Skechers' reputation and success, thereby giving Easy Spirit's infringing products sales and commercial value they would not otherwise enjoy.

49.   Easy Spirit's manufacture and distribution of the D'LITES Knock Off products with design features that mimic a combination of several elements of the D'LITES Trade Dress enable Easy Spirit to benefit unfairly from Skechers' reputation and success, thereby giving Easy Spirit's infringing products sales and commercial value they would not otherwise enjoy.

50.   Easy Spirit's actions constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51.   On information and belief, Easy Spirit knew of Skechers' GO WALK Trade Dress when it designed its GO WALK Knock Off products and has continued to make unauthorized use of several GO WALK features in its on-going manufacture and distribution.  Easy Spirit's infringement is intentional, willful, and without regard to Skechers' rights in the GO WALK Trade Dress.

52.   On information and belief, Easy Spirit knew of Skechers' D'LITES Trade Dress when it designed its D'LITES Knock Off products and has continued to make unauthorized use of several D'LITES features in its on-going manufacture and distribution.  Easy Spirit's infringement is intentional, willful, and without regard to

-12-

1    Skechers' rights in the D'LITES Trade Dress.

2        53.    Skechers is informed and believes, and on that basis alleges, that Easy Spirit

3    has gained profits by virtue of its infringement of the GO WALK Trade Dress and of the

4    D'LITES Trade Dress.

5        54.    Skechers has sustained damages as a direct and proximate result of Easy

6    Spirit's infringement of the GO WALK Trade Dress and of the D'LITES Trade Dress in

7    an amount to be proven at trial.

8        55.    Skechers has been and will continue to be irreparably harmed and damaged

9    by Easy Spirit's conduct insofar as Skechers' invaluable goodwill is being eroded by

10   Easy Spirit's continuing infringement, and Skechers lacks an adequate remedy at law to

11   compensate for this harm and damage.

12       56.    Pursuant to 15 U.S.C. § 1116, Skechers is entitled to injunctions against

13   Easy Spirit's continuing infringement of the GO WALK Trade Dress and of the D'LITES

14   Trade Dress. Unless enjoined, Easy Spirit will continue its infringing conducts.

15       57.    As Easy Spirit's actions have been willful, Skechers is entitled to Easy

16   Spirit's profits, treble Skechers' actual damages, an award of costs, and, this being an

17   exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

18

19                        **SECOND CLAIM FOR RELIEF**

20           **[Federal Trade Dress Infringement – 15 U.S.C. § 1114]**

21       58.    Skechers realleges and incorporates by reference the full text of all of the

22   foregoing numbered paragraphs, photographs and figures as though each such

23   paragraph, photograph and figure has been fully set forth hereat.

24       59.    Skechers is the owner of all rights and title to the distinctive Skechers GO

25   WALK Trade Dress as embodied in the GO-WALK products and the Skechers D'LITES

26   Trade Dress as embodied in the D'LITES products. The GO WALK Trade Dress and the

27   Skechers D'LITES Trade Dress are not functional.

28   ///

-13-

60.     The Easy Spirit GO WALK Knock Off products copies and infringes the GO WALK Trade Dress.

61.     The Easy Spirit D'LITES Knock Off products copies and infringes the D'LITES Trade Dress.

62.     Easy Spirit's manufacture and distribution of the GO WALK Knock Off products with design features that copies a combination of several elements of the GO WALK Trade Dress are likely to cause confusion, cause mistake, or deceive the consumer as to the affiliation, connection, or association of the Easy Spirit brand with Skechers, or as to the origin, sponsorship, or approval by Skechers of Easy Spirit's goods or commercial activities.

63.     Easy Spirit's manufacture and distribution of the D'LITES Knock Off products with design features that copies a combination of several elements of the D'LITES Trade Dress are likely to cause confusion, cause mistake, or deceive consumers as to the affiliation, connection, or association of the Easy Spirit brand with Skechers, or as to the origin, sponsorship, or approval by Skechers of Easy Spirit's goods or commercial activities.

64.     Easy Spirit's manufacture and distribution of the GO WALK Knock Off products with product design features that mimic a combination of several elements of the GO WALK Trade Dress enable Easy Spirit to benefit unfairly from Skechers' reputation and success, thereby giving Easy Spirit's infringing products sales and commercial value they would not otherwise enjoy.

65.     Easy Spirit's manufacture and distribution of the D'LITES Knock Off products with product design features that mimic a combination of several elements of the D'LITES Trade Dress enable Easy Spirit to benefit unfairly from Skechers' reputation and success, thereby giving Easy Spirit's infringing products sales and commercial value they would not otherwise enjoy.

66.     Easy Spirit's unauthorized use of a trade dress for its GO WALK Knock Off products that infringes the GO WALK Trade Dress is likely to deceive or to cause

-14-

confusion or mistake among consumers as to the origin, sponsorship, or approval of the GO WALK Knock Off products and/or to cause confusion or mistake as to any affiliation, connection, or association between Skechers and Easy Spirit, in violation of 15 U.S.C. § 1114(a).

67.     Easy Spirit's unauthorized use of a trade dress for its D'LITES Knock Off products that infringes the D'LITES Trade Dress is likely to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship, or approval of the D'LITES Knock Off products and/or to cause confusion or mistake as to any affiliation, connection, or association between Skechers and Easy Spirit, in violation of 15 U.S.C. § 1114(a).

68.     Skechers is informed and believes, and on that basis alleges, that Easy Spirit's infringements of the GO WALK Trade Dress and of the D'LITES Trade Dress as described herein have been and continues to be intentional, willful, and without regard to Skechers' rights in the GO WALK Trade Dress and in the D'LITES Trade Dress.

69.     Skechers is informed and believes, and on that basis alleges, that Easy Spirit has gained profits by virtue of its infringement of the GO WALK Trade Dress and of the D'LITES Trade Dress.

70.     As a direct and proximate result of these acts, Easy Spirit has received, and will continue to profit from, the success of the Skechers GO WALK Trade Dress and D'LITES Trade Dress.

71.     Skechers has sustained damages as a direct and proximate result of Easy Spirit's infringements of the GO WALK Trade Dress and D'LITES Trade Dress in an amount to be proven at trial.

72.     Skechers has been and will continue to be irreparably harmed and damaged by Easy Spirit's conduct insofar as Skechers' invaluable goodwill is being eroded by Easy Spirit's continuing infringement, and Skechers lacks an adequate remedy at law to compensate for this harm and damage.

///

73.     Pursuant to 15 U.S.C. § 1116, Skechers is entitled to an injunction against Easy Spirit's continuing infringement of the GO WALK Trade Dress and of the D'LITES Trade Dress. Unless enjoined, Easy Spirit will continue its infringing conduct.

74.     As Easy Spirit's actions have been willful, Skechers is entitled to Easy Spirit's profits, treble Skechers' actual damages, an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF
### [Federal Trade Dress Dilution – 15 U.S.C. § 1125(c)]

75.     Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, photographs and figures as though each such paragraph, photograph and figure has been fully set forth hereat.

76.     Skechers is the owner of all rights and title to the distinctive Skechers GO WALK Trade Dress as embodied in the GO-WALK products and the Skechers D'LITES Trade Dress as embodied in the D'LITES products. The GO WALK Trade Dress and the Skechers D'LITES Trade Dress have acquired secondary meaning and are not functional.

77.     Based on extensive and consistent advertising, promotion and sales throughout the U.S., the GO WALK Trade Dress and the D'LITES Trade Dress are famous.  Both serve to identify Skechers as the source of Skechers' products.

78.     The Easy Spirit GO WALK Knock Off products have misappropriated the GO WALK Trade Dress by mimicking a combination of several elements of the GO WALK Trade Dress.

79.     The Easy Spirit D'LITES Knock Off products have misappropriated the D'LITES Trade Dress by mimicking a combination of several elements of the D'LITES Trade Dress.

80.     Easy Spirit's manufacture and distribution of the GO WALK Knock Off products with design features that mimic a combination of several elements of the GO WALK Trade Dress are likely to cause dilution by blurring of the famous Skechers

GO WALK Trade Dress.

81.     Easy Spirit's manufacture and distribution of the D'LITES Knock Off products with design features that mimic a combination of several elements of the D'LITES Trade Dress are likely to cause dilution by blurring of the famous Skechers D'LITES Trade Dress.

82.     Easy Spirit's actions constitute dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

83.     On information and belief, Skechers alleges, that Easy Spirit's dilution of the GO WALK Trade Dress and of the D'LITES Trade Dress as described herein have been and continues to be intentional, willful, and without regard to Skechers' rights in the GO WALK Trade Dress and in the D'LITES Trade Dress.

84.     Skechers is informed and believes, and on that basis alleges, that Easy Spirit has gained profits by virtue of its dilution of the GO WALK Trade Dress and of the D'LITES Trade Dress.

85.     As a direct and proximate result of these acts, Easy Spirit has received, and will continue to profit from, the success of the Skechers GO WALK Trade Dress and D'LITES Trade Dress.

86.     Skechers has sustained damages as a direct and proximate result of Easy Spirit's dilution of the GO WALK Trade Dress and D'LITES Trade Dress in an amount to be proven at trial.

87.     Skechers will suffer and is suffering irreparable harm from Easy Spirit's dilution of the GO WALK Trade Dress and D'LITES Trade Dress insofar as Skechers' invaluable trade dress and goodwill is being eroded by Easy Spirit's continuing sales of the GO WALK Knock Off and the D'LITES Knock Off products that mimic the GO WALK Trade Dress and D'LITES Trade Dress, respectively. Skechers has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, and goodwill and confusion of potential customers flowing from Easy Spirit's infringing activities.

88.     Pursuant to 15 U.S.C. § 1116, Skechers is entitled to an injunction against Easy Spirit's continuing dilution of the GO WALK Trade Dress and of the D'LITES Trade Dress. Unless enjoined, Easy Spirit will continue its illegal conduct.

89.     As Easy Spirit's actions have been willful, Skechers is entitled to Easy Spirit's profits, treble Skechers' actual damages, an award of costs, and this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## FOURTH CLAIM FOR RELIEF

### [Unfair Business Practices - California Business and Professions Code §17200, *et seq.*]

90.     Skechers realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, photographs and figures as though each such paragraph, photograph and figure has been fully set forth hereat.

91.     The acts of Easy Spirit described above constitute fraudulent and unlawful business practices as defined by California Business & Professions Code § 17200, et seq.

92.     Skechers has valid and protectable prior rights in the GO WALK Trade Dress and D'LITES Trade Dress. The GO WALK Trade Dress and D'LITES Trade Dress do not serve any function other than to identify Skechers as the source of its footwear products. The GO WALK Trade Dress and D'LITES Trade Dress have acquired distinctiveness, and, through Skechers' long use, have come to be associated solely with Skechers as the source of the products on which they are used.

93.     Easy Spirit's uses of its infringing trade dresses are likely to cause confusion as to the source of GO WALK Knock Off and D'LITES Knock Off products and are likely to cause others to be confused or mistaken into believing that there is a relationship between Easy Spirit and Skechers or that Easy Spirit's products are affiliated with or sponsored by Skechers.

94.     The above-referenced acts and practices by Easy Spirit are likely to mislead or deceive the general public and therefore constitute fraudulent business practices in

violation of California Business & Professions Code § 17200, et seq.

95.    The above-referenced acts constitute unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), trade dress dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and trade dress infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and are therefore unlawful acts in violation of California Business & Professions Code § 17200, et seq.

96.    Easy Spirit acted willfully and intentionally in designing its infringing trade dresses with full knowledge of Skechers' prior rights in the distinctive GO WALK Trade Dress and D'LITES Trade Dress, and with an intent to cause confusion or mistake or to deceive customers into believing that there is an affiliation between Easy Spirit and Skechers or between Easy Spirit's footwear products and Skechers' products.

97.    The unlawful and fraudulent business practices of Easy Spirit described above present a continuing threat to, and are meant to deceive members of, the public in that Easy Spirit continues to promote its products by wrongfully trading on the goodwill of the Skechers GO WALK Trade Dress and D'LITES Trade Dress.

98.    As a direct and proximate result of these acts, Easy Spirit has received, and will continue to profit from, the success of the Skechers GO WALK Trade Dress and D'LITES Trade Dress.

99.    As a direct and proximate result of Easy Spirit's wrongful conduct, Skechers has been injured in fact and has lost money and profits, and such harm will continue unless Easy Spirit's acts are enjoined by the Court.  Skechers has no adequate remedy at law for Easy Spirit's continuing violation of Skechers' rights.

///

///

///

///

///

///

-19-

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II pray for judgment as follows:

1.      An order preliminarily and permanently enjoining Easy Spirit and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their subsidiaries, divisions, successors and assigns, from directly or indirectly infringing or diluting the Skechers GO WALK Trade Dress and D'LITES Trade Dress, or using any other product design or designation similar to or likely to cause confusion with or to dilute the GO WALK Trade Dress and D'LITES Trade Dress; from passing off Easy Spirit's knock off products as being associated with and/or sponsored or affiliated with Skechers; from committing any other unfair business practices directed toward obtaining for themselves the business and customers of Skechers; and from committing any other unfair business practices directed toward devaluing or diminishing the brand or business of Skechers;

2.      An order compelling Easy Spirit to impound for destruction all shoes, boxes, labels, tags, signs, packages, advertising, promotional materials, or other materials in possession or under the control of Skechers that are infringe or dilute any of Skechers' trade dresses, or that otherwise unfairly compete with Skechers and its products;

3.      Actual Damages suffered by Skechers as a result of Easy Spirit's unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

4.      An accounting of Easy Spirit's profits pursuant to 15 U.S.C. §§ 1114 and 1117;

5.      A judgment trebling any damages award pursuant to 15 U.S.C. §§ 1114 and 1117.

6.      Punitive damages pursuant to California Civil Code §3294;

7.      An award for Skechers' costs and reasonable attorneys' fees; and

-20-

8.      Any other remedy to which Skechers may be entitled, including all remedies provided for in 15 U.S.C. §§ 1114, 1116, 1117, and California Business and Professions Code § 17200, et seq., and under any other law that this Court may deem just and proper.

KLEINBERG & LERNER, LLP

March 21, 2019              By:   /marshall a. lerner/_____
                                  Marshall A. Lerner
                                  Vivian Z. Wang
                                  Steven J. Kim
                                  Attorneys for Plaintiffs Skechers U.S.A., Inc.
                                      and Skechers U.S.A., Inc. II

-21-

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1, plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II demand a trial by jury of any and all issues triable of right by a jury pursuant to the Seventh Amendment to the United States Constitution or as given by a statute of the United States.

KLEINBERG & LERNER, LLP

March 21, 2019          By:   /marshall a. lerner/
                              Marshall A. Lerner
                              Vivian Z. Wang
                              Steven J. Kim
                              Attorneys for Plaintiffs Skechers U.S.A., Inc.
                                and Skechers U.S.A., Inc. II

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF ARISING OUT OF TRADE DRESS INFRINGEMENT;
DEMAND FOR JURY TRIAL