# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKECHERS U.S.A., INC. *et al.* | ) Case No.: 2:19-cv-02141-CAS-JEM |
| Plaintiffs, | ) **STIPULATED PROTECTIVE ORDER** |
| v. | ) |
| EASY SPIRIT, LLC *et al.* | ) |
| Defendants. | ) |

1. GENERAL

   A. PURPOSES AND LIMITATIONS

   Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II (collectively "Skechers" or "Plaintiff") and Defendants Easy Spirit, LLC and Marc Fisher, Inc. (collectively "Easy Spirit" or "Defendant") (collectively "the Parties" and each individually is a separate "Party") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

   B. GOOD CAUSE STATEMENT

   This action is likely to involve customer information, pricing lists and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law, or other protected information the disclosure of which to the producing party in good faith believes would likely cause harm. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties

are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a Protective Order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

C. ACKNOWLEDGEMENT OF PROCEDURE FOR FILING UNDER SEAL

The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Action: This pending federal lawsuit.

2.2 Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3 CONFIDENTIAL Information or Items: Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.

2.5 Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.7 <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8 <u>Outside Counsel of Record</u>: Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, and includes support staff.

2.9 <u>Party</u>: Any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.10 <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.11 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12 <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.13 <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.14 <u>HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY Information or Items</u>: Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil

Procedure 26(c) or other applicable law, and as specified above in the Good Cause Statement, and is so sensitive that its dissemination deserves even further limitation.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. RESERVED

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other

STIPULATED [PROPOSED] PROTECTIVE ORDER
LEGAL02/39215185v1

pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" (hereinafter "DESIGNATION legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "DESIGNATION legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) For all protected testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, within 14 days of the close of the deposition or receipt of the Reporter's final transcript. During this 14 day period, all testimony shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

STIPULATED [PROPOSED] PROTECTIVE ORDER

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3 <u>Burden</u>. Unless the Designating Party has withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the

STIPULATED [PROPOSED] PROTECTIVE ORDER

LEGAL02/39215185v1

conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) one (1) Designee for each Party who either has responsibility for making decisions dealing directly with the litigation of this Action, or who is assisting outside counsel in the litigation of this Action, provided that each such Designee has agreed to be bound by the provisions of this protective Order by signing the "Acknowledgement and Agreement to Be Bound" attached as Exhibit A hereto;

(c) the officers, directors, and employees of each party to the extent reasonably necessary for the litigation of this Action provided that each such employee representative has agreed to be bound by the provisions of the Protective Order by signing a copy of Appendix A;

(d) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the "Acknowledgement and Agreement to Be Bound" attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least seven (7) days before access to

the Protected Material is to be given to that consultant to allow the producing Party to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert;

(e) the Court and its personnel;

(f) court reporters and their staff;

(g) independent litigation support services, including persons working for or as court reporters, translators, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing Party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(j) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to the individuals listed in Section 7.2 (a) – (b) and (d)-(j).

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

STIPULATED [PROPOSED] PROTECTIVE ORDER

LEGAL02/39215185v1

1  If a Party is served with a subpoena or a Court order issued in other litigation
2  that compels disclosure of any information or items designated in this Action as
3  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES
4  ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or Court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a Protective Order, the Party served with the subpoena or Court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting

-9-
STIPULATED [PROPOSED] PROTECTIVE ORDER

a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a Protective Order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a Protective Order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order,

and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.

13. FINAL DISPOSITION

After the conclusion of this Action, including all appeals, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts,

compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

**GOOD CAUSE APPEARING,** the Court hereby approves the stipulated Protective Order.

**IT IS SO ORDERED.**

DATED: November 22, 2019

_____
John E. McDermott
United States Magistrate Judge

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

November 21, 2019                                       Respectfully submitted,

By: */s/ H. James Abe*_____
    H. James Abe (CA Bar. No. 265534)
    *james.abe@alston.com*
    ALSTON & BIRD LLP
    333 South Hope Street, 16th Floor
    Los Angeles, California 90071
    Telephone: (213) 576-1060

    Robert L. Lee
    *bob.lee@alston.com*
    ALSTON & BIRD LLP
    1201 West Peachtree St. NW

By: */s/ Howard M. Privette*_____
    Howard M. Privette (CA Bar No. 137216)
    *privetth@pepperlaw.com*
    Erica R. Graves (CA Bar No. 301785)
    *gravese@pepperlaw.com*
    PEPPER HAMILTON LLP
    350 South Grand Avenue, Suite 3400
    Los Angeles, California 90071
    Telephone: (213) 928-9800

    Darren W. Saunders
    *DSaunders@peroffsaunders.com*

| | | |
|---|---|---|
| 1 | Atlanta, GA 30309-3424<br>Telephone: (404) 881-7000 | Mark I. Peroff<br>*Mark.Peroff@peroffsaunders.com*<br>PEROFF SAUNDERS, P.C. |
| 2 | | |
| 3 | Andrew J. Ligotti | 745 Fifth Avenue, Suite 500 |
| 4 | *andy.ligotti@alston.com*<br>ALSTON & BIRD LLP | New York, New York 10151<br>Telephone: (646) 898-2052 |
| 5 | 90 Park Avenue | |
| 6 | New York, New York 10016<br>Telephone: (212) 210-1286 | *Attorneys for Defendants*<br>*Easy Spirit, LLC and Marc Fisher,* |
| 7 | | *Inc.* |
| 8 | Marshall A. Lerner (CA Bar. | |
| 9 | No. 55224) | |
| 10 | *mlerner@kleinberglerner.com*<br>Vivian Z. Wang (CA Bar. No. | |
| 11 | 289870) | |
| 12 | *vwang@kleinberglerner.com*<br>Steven J. Kim (CA Bar No. | |
| 13 | 297235) | |
| 14 | *skim@kleinberglerner.com*<br>Bradford E. Mattes (CA Bar | |
| 15 | No. 159004) | |
| 16 | *bemattes@kleinberglerner.com*<br>KLEINBERG & LERNER, | |
| 17 | LLP | |
| 18 | 1875 Century Park E # 1150<br>Los Angeles, CA 90067 | |
| 19 | Telephone: (301) 557-1511 | |
| 20 | *Attorneys for Plaintiffs Skechers* | |
| 21 | *U.S.A., Inc. and Skechers* | |
| 22 | *U.S.A., Inc. II* | |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKECHERS U.S.A., INC. and SKECHERS U.S.A., INC. II<br><br>Plaintiffs,<br><br>v.<br><br>EASY SPIRIT, LLC and MARC FISHER, INC. and Does 1 – 10 inclusive,<br><br>Defendants. | Case No.: 2:19-cv-02141-CAS-JEM<br><br>**STIPULATED PROTECTIVE ORDER: EXHIBIT A** |

-14-
STIPULATED [PROPOSED] PROTECTIVE ORDER

LEGAL02/39215185v1

# EXHIBIT A
# ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, declare under the penalty of perjury that:

1. My address is
_____.

   My current employer is
_____.

   My current occupation is
_____.

2. I have received a copy of the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Skechers U.S.A., Inc. et al. v. Easy Spirit, LLC et al.*, Case No. 2:19-cv-02141-CAS-JEM. I have carefully read and understand the provisions of the Protective Order.

3. I agree to comply with and to be bound by all of the terms of the Stipulated Protective Order.

4. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

5. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

6. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" that came into my possession, and all

documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

I declare under penalty of perjury that the foregoing is true and correct.

Date _____

City and State Where Sworn and Signed _____

Printed Name _____

Signature _____